JOHNSON, Judge.
This is an appeal from a final judgment rendered upon a jury verdict in favor of the appellee herein.
This action was brought under the Federal Employers’ Liability Act, under which Act Congress has, in effect, to say the least, broadened the scope of liability of the Railroad while at the same time narrowing the requisite proof of negligence to sustain recovery by an employee of the Railroad.
The facts are, appellee Cameron was an employee of appellant and was performing his duties as a trainman at the time of his accident which constitutes the basis for this action. Appellant serviced Blackshear Manufacturing Company at Blackshear, Georgia. The track of appellant was so close to the warehouse or loading platform of said Blackshear Manufacturing Company that it necessitated the trainmen to climb a ladder attached to said building to reach the loading platform and from there attend to the coupling of freight cars. The ladder being built straight up and with very little “toe hold”, it was necessary for the employee using the ladder to make use of a wire rope as a handhold in ascending or descending said ladder. There was no controversy over the fact that it was necessary to use the ladder and rope and the platform to carry out the duties of the trainman, who in this case is the appellee herein. On the *36 night in question, the appellee and two other men had used the ladder and wire rope in ascending the ladder to the warehouse platform without incident. When the appellee started to get down off the platform, by climbing down the ladder, holding onto the wire rope, the rope broke or pulled loose from the building, causing the appellee to fall several feet backwards across the railroad track, injuring himself, which is the basis for this cause of action.
A motion to dismiss the complaint for failure to state a cause of action, incorporating in said motion a further motion to dismiss the complaint, without prejudice, under the doctrine of forum non-conveniens was filed. The motion was denied as to both grounds thereof and the cause proceeded to trial, culminating in a verdict by the jury in favor of the appellee, plaintiff below, in the amount of $109,814.00, upon which judgment was entered, after the trial court had denied defendant’s motion for judgment notwithstanding verdict and in the alternative, for a new trial. Hence this appeal.
The first point on appeal' raised by the appellant is whether or not the court erred in not granting appellant’s motion to dismiss the complaint under the doctrine of forum non-conveniens.
Under the Federal Employers’ Liability Act, the injured railroad worker is permitted to sue in any forum, where the railroad does business. The application of the doctrine of forum non-conveniens is discretionary on the part of the trial judge,[1] and the question to be decided by the reviewing court on appeal, is whether there was a clear abuse of discretion on the part of the trial judge. In the case sub judice, it appears that the expert witnesses involved here, the Railroad Company’s physician to whom the appellant sent the appellee for examination and treatment, as well as ap-pellee’s own physician, were residents of Jacksonville, Duval County, which was eighty miles from Blackshear, Georgia, where the accident occurred. The attorneys involved, were practitioners in Duval County. So, it appears that the “expensive” witnesses for both parties were more accessible in Duval County without extra costs and inconvenience to specialized people. The site and condition of the building where the accident occurred, could he shown by pictures without much trouble or costs. It is not shown that the other witnesses could not easily appear in Duval County for the trial, and therefore, we find no abuse of discretion of the trial court in denying the motion to dismiss on this ground.[2]
We next come to the point of whether the complaint stated a cause of action. We think the complaint alleges sufficient facts to describe the place of work to give rise to a jury question as to whether it constituted a safe place for an employee to work; also, sufficient allegations, which if proven, upon which a jury could base a sensible verdict.
Point three raised in the briefs by each party, is, in substance, whether or not there was sufficient evidence to establish negligence on the part of the Railroad and upon which a jury could properly base a finding. We think there is enough evidence from which the jury might, as a group of reasonable men, find negligence on the part of the Railroad in not providing a safe place to work, as well as to the appliances or instrumentalities used in connection with the duties of the employee Cameron, such as the type ladder requiring use of the wire rope to utilize the ladder.[3]
*37 The appellant strongly argues that its motion for judgment notwithstanding jury' verdict should have been granted, citing in support thereof Zegan v. Central Railroad Co. of New Jersey, 266 F.2d 101, 77 A.L.R.2d 768 (3rd Cir. 1959) wherein the court had this to say:
“We have recently had occasion to contrast the role of a trial judge in passing on a motion for judgment n. o. v. with his role in deciding a motion for a new trial. Magee v. General Motors Corp. 3 Cir., 1954, 213 F.2d 899. The one motion requires a judge to determine whether the evidence and justifiable inference most favorable to the prevailing party afford any rational basis for the verdict. The other requires that the trial judge evaluate all significant evidence, deciding in the exercise of his own best judgment whether the jury has so disregarded the clear weight of the credible evidence that a new trial is necessary to prevent injustice.”
We find no quarrel with the cited law, but we are reminded that the plaintiff below did not rely solely upon the broken wire rope to establish negligence, but upon the total conditions under which the plaintiff appellee was forced to work, such as the crowding of the tracks adjacent to the warehouse so as to prevent the coupling of cars without making use of the ladder, rope and platform by the trainmen, as well as the fact that the rope did break or pull loose. The trial court made the statement, which is in the record, to the effect that if this case had not been brought under Federal Employers’ Liability Act but a common law case, he would have granted a judgment notwithstanding verdict for the defendant. He pointed out, however, that the appellate courts have broadened the definition of negligence when considering cases brought under the Federal Employers’ Liability Act, by permitting an inference to be drawn. We cannot adopt in full the statement of the trial court on this point, but he is close to being correct when saying that a mere inference of, negligence is sufficient to sustain a verdict, because we find almost as strong language as that used by the United States Supreme Court in Rogers v. Missouri Pacific R. R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493, wherein the court said:
“Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.” Also see Gibson v. Elgin J. & E. Ry. Co. (1957) 7 Cir., 246 F.2d 834.
This Court, speaking through the late Judge Sturgis in Southern Ry. Co. v. Wood, Fla.App., 171 So.2d 614, has very aptly stated the proximate results of the United States Courts’ interpretations under the Federal Employers’ Liability Act when he said (Page 615) :
“ * * * Negligence under the Federal Employers’ Liability Act is such an illusive and fragmentary thing as to defy definition. Attempts to do so usually compound the confusion. * * * ”
The question of negligence presented an issue of fact which was exclusively within the prerogative of the jury to determine, *38 and we see no abuse of its power in the case sub judice.
Also, in the absence of a clear and positive showing that the jury was improperly influenced by matters other than the evidence, in arriving at the amount of damages to be awarded, such verdict should stand if there is apparent evidence from which the jury could draw its conclusions, and such finding should not be disturbed by the appellate court.[4]
For the reasons stated, the judgment appealed is affirmed.
WIGGINTON, Acting C. J., and SACK, J., concur.

. Southern Railway Co. v. Bowling, 129 So. 2d 433 (Fla.App.3d, 1961).

. Miles v. Illinois Central Ry. Co., 315 U.S. 698, 62 S.Ct. 827, 80 L.Ed. 1129.

. Eglsaer v. Scandrett, 151 F.2d 562, 565 (7th Cir., 1945) “ * * * It provides that if the railroad’s negligence ‘in part’ results in the injuries or death, liability arises. Under the old concept of proxi *37 mate cause, that cause must have been direct, the complete, the responsible, the efficient cause of the injury. Contributing and remotely related causes were not sufficient. Now, if the negligence of the railroad has ‘causal relation,’ — if the injury or death resulted ‘in part’ from defendants’ negligence, there is liability. The words ‘in part’ have enlarged the field or scope of proximate causes — in these railroad injury cases. These words suggest that there may be a plurality of causes, each of which is sufficient to permit a jury to assess a liability. If a cause may create liability, even though it be hut a partial cause, it would seem that such partial cause may be a prdoucer of a later cause. For instance, the cause may be the first acting cause which sets in motion the second cause which was the immediate, the direct cause of the accident. * * *”

. Gresham v. Courson, 177 So.2d 33 (Fla.App. 1st, 1965).