**Maggie S. MacLEOD**

v.

**Walter E. MacLEOD.**

Supreme Judicial Court of Maine.

March 10, 1978.

---

Hart, Stinson & Lupton, P.A., by Ronald A. Hart (orally), Bath, for plaintiff.

Fitzgerald, Donovan, Conley & Day by Mark L. Haley (orally), Bath, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

McKUSICK, Chief Justice.

The plaintiff, Maggie S. MacLeod, appeals an order of the Superior Court, Lincoln County, dismissing this action brought against her former husband, Walter E. MacLeod.

We sustain the appeal. We hold that the Superior Court erred in granting defendant's motion to dismiss on the ground of *forum non conveniens*. We do grant the defendant, however, relief from having to defend Mrs. MacLeod's suit in Maine. We direct the Superior Court to stay this Maine action conditioned upon Mr. MacLeod's submitting to suit in Virginia, which is, he argues and we agree, a more appropriate forum than Maine.

The plaintiff and the defendant were married in New York City on October 15, 1955. Their one child, Scott Michael Mac-

Leod, was born the following year. Encountering marital difficulties, they on June 15, 1971 entered into a separation agreement whereby Mrs. MacLeod was given custody of their son, and Mr. MacLeod agreed to pay his wife child support and alimony, as well as certain storage and travel expenses. The separation agreement does not recite where it was entered into, but the record otherwise shows that the MacLeods were living in France at the time, Mr. MacLeod being an employee of the Central Intelligence Agency.

The couple was divorced on June 12, 1973, by decree of the Tribunal de Grande Instance de Paris (in this record translated as the "County Court") in Paris, France, where Mrs. MacLeod was then living. The French divorce decree gave a San Francisco APO address as Mr. MacLeod's "domicile"; the record before the court shows that he was working for the CIA in Bangkok, Thailand, at the time. The French court awarded custody of their son to Mrs. MacLeod and ordered Mr. MacLeod to pay the plaintiff child "upkeep" and alimony in a total amount of 3150 francs a month.

Mrs. MacLeod instituted the present action in Superior Court, Lincoln County, in July 1977. In her complaint, she alleged that she resided in the Commonwealth of Virginia and that the defendant was a resident of Newcastle in Lincoln County, Maine.[1] In one count of her complaint Mrs. MacLeod attempts to collect an amount of $19,490 alleged to be due to her from the defendant under the French divorce judgment as child "upkeep" and alimony; and by another she seeks damages of an unstated amount for the defendant's alleged default on the separation agreement.

On July 30, 1977, Mrs. MacLeod succeeded in obtaining personal service upon the defendant at his parents' home in Newcastle, Maine. At the time, Mr. MacLeod was in Maine to attend his parents' golden wedding anniversary.

On August 15, 1977, the defendant filed a motion to dismiss, supported by his affidavit stating that (i) he now resides in Bangkok, Thailand, and during the past ten years, as a CIA employee, has lived in four different foreign countries; (ii) although he is an American citizen, his sole contact with the United States is his Virginia driver's license; and (iii) he has never resided, held property, or paid taxes in the State of Maine.

■ Following a hearing on the defendant's motion to dismiss, the Superior Court justice dismissed the action "with prejudice"[2] on the grounds that "neither party is a resident of the State of Maine, and that the Court, in its discretion, declines to exercise jurisdiction over this matter." Both parties interpret this cryptic statement to be an invocation of the doctrine of *forum non conveniens.*

■ The present action concerns a nonresident plaintiff suing a nonresident defendant upon transitory causes of action which did not arise in the State of Maine. Given those facts, the trial court could rightly consider exercising its discretionary power, notwithstanding the existence of both subject matter and personal jurisdiction, to decline jurisdiction over the action. *Foss v. Richards*, 126 Me. 419, 139 A. 313 (1927). Dismissal for *forum non conveniens*, although discretionary, must be predicated upon the trial court's initial determination that dismissal will further the ends of justice and promote convenience of the suit for all parties. *See, e. g., Brown v. Clorox Co., Inc.*, 56 Cal.App.3d 306, 128 Cal. Rptr. 385 (1976); *Houston v. Caldwell*, 347 So.2d 1041 (Fla.App.1977); *Gulf Oil Co. v.*

1. Despite plaintiff's allegation in her complaint that defendant resided in Newcastle, Maine, the defendant's affidavit that he now resides in Thailand is not contradicted and must for present purposes be taken as fact.

2. Since we sustain Mrs. MacLeod's appeal, the dismissal of her action "with prejudice" as well as the clerk's docket entry of "Judgment for the Defendant" are vacated. For future guidance of the Superior Court, however, we note that a dismissal because of *forum non conveniens* is not an adjudication on the merits. See Rule 41(b)(3), M.R.Civ.P. (exception for dismissals "for improper venue"); 46 *Am.Jur.2d* "Judgments" § 505.

*Woodson*, 505 P.2d 484 (Okl.1972); *Zurick v. Inman*, 221 Tenn. 393, 426 S.W.2d 767 (1968). The trial court's determination is reviewable by this court for a clear abuse of discretion. *Foss v. Richards, supra. Cf. Dorati v. Dorati*, 342 A.2d 18 (D.C.App. 1975); *Atlantic Coast Line R. R. Co. v. Cameron*, 190 So.2d 34 (Fla.App.1966); *U. I. P. Corp. v. Lawyers Title Ins. Corp.*, 65 Wis.2d 377, 222 N.W.2d 638 (1974).

■ For reasons of both justice and comity, a nonresident plaintiff in a transitory action is usually entitled to have his complaint heard and resolved by the forum of his choice. Dismissal of his action by a court with legal power to grant relief places the plaintiff in the position of having expended time and money in a wasted action, and during the period of his reliance he risks running afoul of the statutes of limitations in other jurisdictions. In recognition of the harshness of dismissal, a court will not dismiss for *forum non conveniens* unless the ends of justice strongly militate in favor of relegating the plaintiff to an alternative forum. *E. g., Goodwine v. Superior Court*, 63 Cal.2d 481, 47 Cal.Rptr. 201, 407 P.2d 1 (1965); *Allison Drilling Co., Inc. v. Kaiser Steel Corp.*, 31 Colo.App. 355, 502 P.2d 967 (1972); *Sears Roebuck & Co. v. Continental Ins. Co.*, 9 Ill.App.3d 287, 292 N.E.2d 75 (1972); *Vandam v. Smit*, 101 N.H. 508, 148 A.2d 289 (1959); *Plum v. Tampax, Inc.*, 399 Pa. 553, 160 A.2d 549 (1960). *See also Restatement (Second) of Conflicts* § 84, Comment c (1971).

The many factors to be weighed in applying the doctrine of *forum non conveniens* have been identified by the Supreme Court of the United States as follows:

"An interest to be considered, and the one most likely to be pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case

easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

"Factors of public interest also have place in applying the doctrine." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062 (1947). *See also, e. g., Allison Drilling Co., Inc. v. Kaiser Steel Corp., supra; American Home Assurance Co. v. Northwest Industries, Inc.*, 50 Ill.App.3d 807, 8 Ill.Dec. 570, 365 N.E.2d 956 (1977); *Cray v. General Motors Corp.*, 389 Mich. 382, 207 N.W.2d 393 (1973); *Amercoat Corp. v. Reagent Chemical & Research, Inc.*, 108 N.J.Super. 331, 261 A.2d 380 (1970).

■ Whatever relative weight is given those factors bearing upon justice and convenience in a particular action, however, courts unanimously agree that the availability of an *alternative* forum is essential to exercise of the power to dismiss for *forum non conveniens*.

"In all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them." *Gulf Oil Corp. v. Gilbert, supra*, 330 U.S. at 506–07, 67 S.Ct. at 843, 91 L.Ed. at 1061.

*Accord, e. g., Harry David Zutz Ins., Inc. v. H. M. S. Associates, Ltd.*, 360 A.2d 160 (Del.1976); *Lonergan v. Crucible Steel Co. of America*, 37 Ill.2d 599, 229 N.E.2d 536 (1967); *Panhandle Eastern Pipe Line Co. v. Herren*, 207 Kan. 400, 485 P.2d 156 (1971); *Leeper v. Leeper*, 116 N.H. 116, 354 A.2d 137 (1976); *Varkonyi v. S. A. Empresa de*

*Viacao Airea R. G.*, 22 N.Y.2d 333, 292 N.Y.S.2d 670, 239 N.E.2d 542 (1968).[3]

■ The present record is barren of any facts whatsoever indicating that this plaintiff, a Virginia resident, has available *any* "alternative" forum, at least within American territory, let alone one that is in addition "more appropriate." The defendant, according to his own uncontradicted affidavit, is now a resident of Thailand. The defendant's sole "contacts" with any state are those he has with Virginia by virtue of his possession of a driver's license from that state and the fact that the CIA, his former employer, maintains its headquarters there. Virginia is also, of course, the present residence of his former wife. Those limited contacts are not such, however, as to render him personally subject to the jurisdiction of any court located in the Commonwealth of Virginia.[4] Nor does the record display any other facts so much as hinting that the defendant is subject to personal jurisdiction anywhere else in American territory.[5] We would ill serve the interests of justice and comity should we shut the doors of the Maine Courts to this plaintiff who has in reality no "alternative" forum.[6]

■ Therefore, the presiding justice erred in dismissing the plaintiff's action. Our holding does not, however, lead us to reverse and remand for trial. The relative considerations of convenience to the parties and the respective interests of Virginia and Maine, the two states principally concerned with resolving this dispute, warrant our attention. Upon examination of those factors, we agree with the implicit conclusion of the Superior Court that Maine is not the best place for this action to be tried. Virginia, the state of the plaintiff's residence, would obviously be the forum preferred by the plaintiff, who also will undoubtedly be her own principal witness at any trial. From the point of view of her former husband, the defendant, no state is going to be particularly convenient for trial, but Virginia will not be obviously more inconvenient than Maine. In fact, the defendant does possess minimal ties with Virginia which perhaps balance the practical fact that his parents happen to live in Maine. From the standpoint of the State of Maine, it is generally undesirable to expend our judicial resources in resolving a dispute between nonresident parties *if* such is avoidable without depriving the plaintiff of a forum. On the other hand, the Commonwealth of Virginia owes its domiciliary, Mrs. MacLeod, an obligation to provide her with a forum. The public interests involved are also uniquely concerns of Virginia. That state has an immediate, pecuniary interest in enforcing the plaintiff's right to alimony and support payments. Maine

---

**3.** Some jurisdictions apparently view the existence of an alternative forum simply as one of the factors to be weighed in applying the doctrine of *forum non conveniens*. E. g., *Allison Drilling Co. Inc. v. Kaiser Steel Corp., supra.* The majority of jurisdictions, however, are in accord with the Restatement view that an alternative forum is not merely *a factor* in analysis, but rather *an essential prerequisite* to application of *forum non conveniens*. E. g., *Harry David Zutz Ins., Inc. v. H. M. S. Associates, Ltd., supra. See Restatement (Second) of Conflicts* § 84 (1971):

"A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action *provided that a more appropriate forum is available to the plaintiff.*" (Emphasis added)

**4.** Invoking the authority of 16 M.R.S.A. § 402 (1964), the defendant has called this court's attention to Va.Code §§ 8.01–316 and 8.01–320. Those provisions merely authorize service by publication when the defendant is otherwise

subject to the jurisdiction of Virginia courts. They in no wise confer jurisdiction when it does not otherwise exist.

**5.** *Compare Foss v. Richards, supra,* in which this court found no abuse of discretion when the trial court dismissed a Massachusetts plaintiff's deceit action against a Connecticut defendant, instituted in Hancock County, Maine.

**6.** Thailand, the country of the defendant's residence, is of course technically one other forum suggested by these facts as a place where plaintiff might be able to prosecute her suit against the defendant. We do not believe, however, that the foreign forum is an "alternative" within the meaning of that requirement, at least in the factual circumstances of this case. *See, e. g., Dorati v. Dorati, supra; Leeper v. Leeper, supra.* In any event, the defendant does not urge that Thailand is an appropriate forum.

shares those concerns only secondarily, as a feature of comity.

▉ In sum, the particular circumstances of this action dictate that the ends of justice would be best served if this action were heard in Virginia, the state of plaintiff's residence. This transfer of the action can in practical effect be accomplished by the Superior Court's staying the Maine action conditioned upon acceptance by the defendant, Mr. MacLeod, of service in a Virginia suit to be newly commenced by Mrs. MacLeod on the same causes of action.[7] In other words, the court below would grant Mr. MacLeod part of the relief he sought by his motion to dismiss, i. e., avoidance of defending his former wife's suit in Maine, but only on condition that he, by submitting to the jurisdiction of a Virginia court, assure the existence of a true alternative forum.

Before granting the defendant this conditional relief, we appropriately should examine whether the plaintiff would thereby lose any substantial rights which she gained by successfully serving Mr. MacLeod in Maine on July 30, 1977. There is nothing before us to suggest that Mrs. MacLeod picked Maine as the forum for her suit because of any advantages of Maine substantive law or conflicts rules; it would appear that Maine was her choice only because it was the sole place within American territory where she could catch Mr. MacLeod for service of process. In this Maine action, however, Mrs. MacLeod does have the existing advantage of having commenced suit on July 30, 1977, perhaps a fact of some significance in determining whether recovery of any of the monthly payments under either the separation agreement of June 15, 1971, or the divorce decree of June 12, 1973, are now barred by the passage of time. The benefit of that date of commencement of suit can

be preserved to Mrs. MacLeod by imposing as another condition for granting the stay a stipulation that the defendant in the prospective Virginia action will not assert any statute-of-limitations defense inconsistent with treating the Virginia action as having been commenced on July 30, 1977. *Martin v. Mieth*, 35 N.Y.2d 414, 362 N.Y.S.2d 853, 321 N.E.2d 777 (1974); *Jones v. United States Lines, Inc.*, 36 A.D.2d 601, 318 N.Y. S.2d 557 (1971); *Norman v. Norfolk & Western Railway Co.*, 228 Pa.Super. 319, 323 A.2d 850 (1974). *See Restatement (Second) of Conflicts* § 84, Comment e (1971).

Until the Virginia action is commenced and thereafter until it goes to final judgment, the Superior Court will keep jurisdiction over this action; and if an appropriate Virginia court for any reason fails to get or maintain personal jurisdiction over the defendant or the statute of limitations applicable in the Virginia action is not applied as if the Virginia action was commenced on July 30, 1977, the Superior Court may lift the stay of this action.

We therefore remand and direct the Superior Court to stay conditionally further proceedings in this action, by entering an order of the following tenor:

"It is hereby ORDERED as follows:

"1. That this action be stayed for a period of three months to enable the plaintiff to commence an action seeking the same relief as sought by her in her complaint herein, in an appropriate federal or state court in the Commonwealth of Virginia, said stay to go into effect only in the event, and from the date, that the defendant files with this court and delivers to the plaintiff a written stipulation that

(i) he consents to such suit in Virginia and agrees to accept service of proc-

---

**7.** See suggestion of Field and McKusick, *Maine Civil Practice* § 4.18 n. 58 (1st ed. 1959), based upon a 1959 recommendation of the Wisconsin Judicial Council, which resulted in Wis.L.1959, ch. 226, § 15, now Wis.Stat.Ann. tit. 25, § 262.19. *See also* Uniform Interstate and International Procedure Act § 1.05 (1962), reading:

"When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just."

ess and otherwise to take action necessary to submit personally to the jurisdiction of the Virginia court in such Virginia action, and

(ii) he waives his right to rely on any statutes of limitation that may have run in Virginia after July 30, 1977;

"2. That in the event plaintiff commences a Virginia action within three months of the date that said stay becomes effective, said stay shall remain in effect until final judgment in such Virginia action; and

"3. That this court retains jurisdiction over the parties to this action and may, on motion and notice to the parties, hereafter modify this stay order and take any further action herein as the interests of justice require."

The entry must be:

Appeal sustained.

Judgment of dismissal with prejudice vacated; docket entry of "Judgment for the Defendant" vacated; action remanded to the Superior Court for entry of order as directed in this opinion; costs on this appeal allowed to the appellant.

DELAHANTY, J., did not sit.