Meyer, J.
(dissenting). The majority cites several sections of the Restatement of Conflict of Laws, Second, but rejects section 84, the only section directly in point, cites Piper Aircraft Co. v Reyno (454 US 235) but ignores the effect of its footnote 22, cites CPLR 327 but ignores its language and its legislative history. Its conclusion is, moreover, inconsistent with that of “[t]he majority of jurisdictions * * * that an alternative forum is not merely a factor in analysis, but rather an essential prerequisite to *488 application oí forum non conveniens” (MacLeod v MacLeod, 383 A2d 39, 43, n 3 [Me]; italics in original). Respectfully, therefore, I dissent.
Section 84 of the Restatement is unequivocal. Its statement of forum non conveniens is clear and direct: “A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action provided that a more appropriate forum is available to the plaintiff” (emphasis supplied). The import of the underscored words is emphasized by its Comment c, which states that: “The two most important factors look to the court’s retention of the case. They are (1) that since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons, and (2) that the action will not be dismissed unless a suitable alternative forum is available to the plaintiff. Because of the second factor, the suit will be entertained, no matter how inappropriate the forum may be, if the defendant cannot be subjected to jurisdiction in other states” (emphasis supplied).
That the United States Supreme Court agrees on the essentiality of an alternative forum is clear from its statement of the rule in Gulf Oil Corp. v Gilbert (330 US 501, 507), quoted by the majority. That there existed an alternative forum in that case does not make the presence or absence of such a forum any the less a factor “necessarily involved in the case or essential to its determination” (Black’s Law Dictionary [4th ed], p 541 [“Dictum”]). Rather, the court’s holding was that it was required to consider whether there was an alternative forum before it could balance the other interests involved. Only after having determined that Virginia was an available forum did the Gilbert court proceed to balance the equities. Gilbert would not have been decided differently if the rule now announced by the majority had been applied, but that does not mean that the rule which Gilbert announced was not a holding. Thus, we find the Supreme Court once again carefully considering, as not just a factor, but as one that must be determined “[a]t the outset of any forum non conveniens inquiry * * * whether there exists an alternative forum” (Piper Aircraft Co. v Reyno, 454 US 235, 254, n 22) and concluding that: “Ordinarily, this requirement will *489 be satisfied when the defendant is ‘amenable to process’ in the other jurisdiction. Gilbert, 330 U.S., at 506-507. In rare circumstances, however, where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative, and the initial requirement may not be satisfied. Thus, for example, dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute.”
Similarly in MacLeod (383 A2d, at p 43, supra) the Supreme Judicial Court of Maine, after noting that the record did not “display any other facts so much as hinting that the defendant is subject to personal jurisdiction anywhere else in American territory”, held it error to dismiss an action against a nonresident over whom personal jurisdiction had been obtained in Maine except on condition that he, by submitting to the jurisdiction of a court of the State of plaintiff’s residence, assured the existence of a true alternative forum. Even the State’s interest was held subject to the requirement: “From the standpoint of the State of Maine, it is generally undesirable to expend our judicial resources in resolving a dispute between nonresident parties if such is avoidable without depriving the plaintiff of a forum” (italics in original).
A like result necessarily follows from the plain language of CPLR 327, which authorizes stay or dismissal of an action “[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum”. If the majority’s view were correct, the rule would apply when “the action should not be heard in this forum.” The reference to “another forum” presupposes that there is another forum.
Not only the plain language of the section, but also the history of its adoption bears out this conclusion. The section was added to the CPLR in 1972 on the recommendation of the Judicial Conference. Its report states that under the proposed provision jurisdiction may be declined if the court finds “that the forum is seriously inconvenient for the trial of the action and that a more appropriate forum is available” (Seventeenth Ann Report of NY Judicial Conference, 1972, at p A35 [italics supplied]). It notes also that its proposal was based upon Professor Hans Smit’s Report *490 On Whether to Adopt in New York, in Whole or in Part, the Uniform Interstate and International Procedure Act (Thirteenth Ann Report of NY Judicial Conference, 1968, p 130), which repeatedly states as a fundamental that “the action could better be adjudicated in another forum” (p 136, see, also, pp 138, 139).
CPLR 327 reflects the basic approach of the Uniform Interstate and International Procedure Act (IIPA) as to forum non conveniens (Fifteenth Ann Report of NY Judicial Conference, 1970, p A114). It differs, however, in that it inserted the words “on the motion of any party” which the 1970 Report explained in the following paragraph: “This proposal differs somewhat from the IIPA in that it would not permit the court to apply the doctrine of forum non conveniens on its own motion over the objections of all the parties. This reflects the considered view of the Committee that when the court has jurisdiction of an action or proceeding, the convenience of the court alone should not be sufficient to bring this equitable doctrine into operation where all parties prefer to carry on the litigation in this state.” It is, thus, evident that the convenience of the court alone was never intended to have the importance which the majority opinion attributes to it.
The Restatement rule “that a more appropriate forum is available to the plaintiff” comports with the principles of equity and comity, upon which the forum non conveniens doctrine rests. Its “absurd complexity” prior to statutory reform (Braucher, Inconvenient Federal Forum, 60 Harv L Rev 908, 930) resulted from the confusion of various distinct policies under the same title. Thus, as Braucher pointed out (id., at pp 912-914), Blair (29 Col L Rev 1), upon whom the majority relies (majority opn, at p 481), confused principles of jurisdiction and venue, which should result in nondiscretionary dismissal with principles of abuse of process and trial convenience, where dismissal is discretionary, but which result in inconsistent policies. Those factors were untangled by the statutory reform of which CPLR 327 was a part. Earlier proposals made the bounds of jurisdiction depend on the discretionary question of convenience (Act, Recommendation and Study Relating to Service of Process on Foreign Corporations, NY Legis *491 Doc, 1959, No. 65[C], pp 56, 57, 58 [1959 Report of NY Law Rev Comm, pp 69, 124, 125, 126]). The present CPLR, however, makes the bounds of jurisdiction a question of law, depending on the extent of contacts with the State (CPLR 302) and makes forum non conveniens discretionary (CPLR 327) but dependent on the finding that an alternative forum is available. Forum non conveniens is a necessary antidote to the greatly expanded jurisdiction provided by “long-arm” statutes such as CPLR 302 (Homburger and Laufer, Expanding Jurisdiction Over Foreign Torts: 1966 Amendment of New York’s Long-Arm Statute, 16 Buffalo L Rev 67, 73-74). It is, however, a “flexible procedure for the discretionary determination of place of trial” (Brau-cher, 60 Harv L Rev, at p 939, and see id., at pp 931-932), not a technique for leaving unpopular litigants without a court to press their claims.
The majority cites no case, and none has been called to our attention, which holds that dismissal on forum non conveniens grounds is permissible in the absence of an alternative forum. Not only is the Restatement rule recognized in ALR annotations without any indication that any court has ever held otherwise (48 ALR2d 800, 815 [“It has been generally held that the doctrine cannot be applied where the defendant is not subject to suit in the forum which he alleges to be more convenient”]; 9 ALR3d 545, 548 [“the courts in a number of cases have held that jurisdiction of a matrimonial action between nonresident litigants will be assumed or denied depending upon whether the defendant was in fact amenable to and willing to accept the process of the other state”]), but also there are a number of cases which hold that, as a matter of law, the court must retain jurisdiction when no other forum exists to hear the claim (MacLeod v MacLeod, 383 A2d 39 [Me], supra; Wilburn v Wilburn, 192 A2d 797 [DC App]; Rodriguez v Pan Amer. Life Ins. Co., 311 F2d 429, vacated on Act of State grounds 376 US 779; North Branch Prods. v Fisher, 284 F2d 611, cert den 365 US 827; Glicken v Bradford, 204 F Supp 300; Phoenix Canada Oil Co. v Texaco, Inc., 78 FRD 445, cited with approval on this issue in Reyno’s footnote 22 [454 US, at p 254], supra; see Wright, Federal Courts [3d ed], p 186, n 23). In each of *492 those cases the court applied the alternative forum requirement as a precondition to the application of forum non conveniens and in each case put the burden on the defendant to prove the existence of the alternative forum.
The dismissal of the instant action on forum non conve-niens grounds makes it possible for defendant, subject as the courts below have held to the jurisdiction of our courts, to abort that jurisdiction without offering to submit to jurisdiction elsewhere and without any finding that there is an alternative forum. The suggestion of the majority that it is plaintiff’s burden to establish that no alternative forum exists is inconsistent with the authorities cited above. Moreover, its reliance on the appropriate relief exception of section 85 of the Restatement is inconsistent with both Bata v Bata (304 NY 51) and the Restatement itself. In Bata, as in the present case, the action was brought to establish a constructive trust on the basis of a claimed violation of fiduciary duty in a foreign country. We concluded that (304 NY, at p 57): “We realize that this suit may, when it comes to trial, be found to involve property, transactions and laws almost entirely foreign to New York State. Nevertheless, on the record before us, we cannot say that there was no basis at all for retaining jurisdiction here.”
Comment b to section 85 of the Restatement also makes clear its inapplicability:
“A court will be reluctant to dismiss the action if there is no other convenient state in which the plaintiff could obtain more appropriate relief. If no such other state is available, the court will not dismiss unless the plaintiff’s cause of action is contrary to the strong public policy of the forum (see § 90), or unless the court believes that the ends of justice would better be served by giving the plaintiff no relief at all rather than by giving him such relief as it could grant.
* * ⅜
“It will, however, entertain the action if no other forum able to render such relief is open to the plaintiff, and if the court feels that the ends of justice would better be served by giving the plaintiff such relief as it can grant.” *493 All its dramatic stage decoration aside, this case presents the fairly ordinary situation of a defendant who, although a former resident of the plaintiff’s jurisdiction, has no intention of returning. In such a situation, jurisdiction must be retained by the jurisdiction in which the refugee has been properly served.
To paraphrase MacLeod (383 A2d, at p 43): “We would ill serve the interests of justice and comity should we shut the doors of the [New York] Courts to this plaintiff who has in reality no ‘alternative’ forum.” Concluding as I do that the court is wrong in approving dismissal in the absence of the offer by defendant of an alternative forum (and, indeed, even with such an offer, in doing more than staying the instant action), I find it unnecessary to discuss the effect of the Algerian Accords, other than to note that I dissent from its conclusion there also. It is necessary to add, however, in view of the majority’s discussion of public policy, unclean hands and the like as affecting the acceptance by the court of jurisdiction of this case, that, for the reasons stated in the dissent of Justice Fein below, the record here does not permit a dismissal on these alternative bases.
Chief Judge Cooke and Judges Jasen, Jones and Wachtler concur with Judge Simons; Judge Meyer dissents and votes to reverse on the appeal as against Farah Diba Pahlavi in a separate opinion; Judge Kaye taking no part.
On appeal as against defendant Farah Diba Pahlavi: Order affirmed, with costs.
On appeal as against defendant Mohammed Reza Pahlavi: Appeal dismissed, without costs.