STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-11-271
JHO - YOR - 6/11/2012

JONATHAN S. HALL, individually
and in his capacity as co-executor
of the Estate of Harry A. Hall, III,

Plaintiff,

v.

JEFFREY H. HALL and
BONNIE FRASER HALL,

Defendants,

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This case is before the court on the defendants' Motion to Dismiss the

Complaint pursuant to the Maine Rules of Civil Procedures 12(b)(1) and (6).

## BACKGROUND

Jonathan Hall ("Plaintiff") and Jeffrey and Bonnie Hall ("Defendants") are

siblings and the natural children of Harry A. Hall and Gloria P. Hall, both

deceased. The Plaintiff is also co-executor[1] of the estate of his late father under

Harry A. Hall's 1993 Will ("Harry's 1993 Will"). Under Harry's 1993 Will, the

Plaintiff and his sister, Jennifer Hall, were named beneficiaries and the

Defendants were disinherited. Harry's 1993 Will left the family home at 10

Patriots Drive in Lexington, Massachusetts to Gloria Hall to pay for her care. At

the time of Harry Hall's death, Gloria Hall was a resident of Huntington

Common, a nursing facility located in Kennebunk, Maine. However, the

---

[1] Eastern Bank is the disinterested co-executor.

1

contents of the home were left to the Plaintiff and his sister, Jennifer, as beneficiaries.[2]

Gloria Hall also had a will executed in 1993 ("Gloria's 1993 Will"). This will named the Plaintiff, Jennifer Hall, and Bonnie Fraser Hall as beneficiaries but also disinherited Defendant Jeffrey Hall. After Gloria Hall's passing on November 27, 2008, the Defendants produced a will executed in 2004 ("2004 Will"). Under the 2004 Will, the Defendants are named co-executors and the Plaintiff and Jennifer Hall are disinherited. The validity of the 2004 Will is currently the subject of litigation pending in the Cumberland County Probate Court.

The Plaintiff alleges that shortly after Gloria Hall's death, on December 1, 2008, the Defendants gained access to her room at Huntington Common and removed personal property belonging to the Plaintiff, Jennifer Hall, and the Estate of Harry A. Hall III, including paintings and other artwork. Also, on December 5, 2008, the Defendants allegedly entered the property at Patriots Drive, after telling the Lexington Police Department that they were duly appointed co-executors of Gloria Hall's estate under the 2004 Will and were intending to "winterize" the property. The Plaintiff also alleges that the Defendants forced entry into the property, damaged the contents of the property and removed articles of personal property and fixtures belonging to the Plaintiff, Jennifer Hall, and the Estate of Harry A. Hall, III, exceeding $25,000 in value.

The Plaintiff, in his Second Amended Complaint, brings thirteen counts against the Defendants alleging that their conduct in causing the execution of the 2004 Will and their conduct both before after the death of their mother was

---

[2] At the time of Harry A. Hall's death, he and Gloria Hall were divorced.

2

tortious. The Defendants have answered the Second Amended Complaint and have filed this Motion to Dismiss. The Plaintiff has also filed a substantially similar Complaint against the Defendants in the Middlesex County Superior Court in Massachusetts.

## DISCUSSION

The Defendants motion is brought pursuant to M.R. Civ. P. 12(b)(1), arguing that this court lacks subject matter jurisdiction, 12(b)(6), arguing that the Plaintiff has failed to state a claim upon which relief can be granted, and under the doctrine of *forum non conveniens*.

### A. Rule 12 Motion to Dismiss

Whether the court has subject matter jurisdiction is a question of law and the court does not draw any favorable inferences in favor of the Plaintiff. *Tomer v. Me. Human Rights Comm'n*, 2008 ME 190, ¶ 9, 962 A.2d 335. On the other hand, when considering a motion under 12(b)(6), which is designed to test the sufficiency of the complaint, the court must view the complaint in the light most favorable to the plaintiff and only dismiss the case if it is clear that the plaintiff cannot recover under any theory. *Brewer v. Hagemann*, 2001 ME 27, ¶ 4, 771 A.2d 1030.

Under 18-A M.R.S. § 3-105, the Probate Court has exclusive jurisdiction over determining how a decedent's estate is administered, expended, and distributed. However, the Probate Court has concurrent jurisdiction with the Superior Court over any other action concerning an estate.

The Defendants argue that the York County Superior Court lacks subject matter jurisdiction in this case because the Maine Probate Court has exclusive jurisdiction to determine the validity of the 2004 Will, under 18-A M.R.S. §3-105.

3

That is, that Counts I, II, III, IV, V, VI, VII, VIII, and IX are based on the premise that the 2004 Will is not valid and, because the Superior Court cannot adjudicate that question, it cannot adjudicate these claims either. Alternatively, the Defendants argue that, because the Plaintiff has not proven the predicate for his claims (i.e. that the 2004 Will is invalid) he has failed to state a claim upon which relief may be granted.

The Plaintiff counters, arguing that the nature of these counts does not depend on an adjudication of the 2004 Will. Rather, the Plaintiff may be able to prove claims such as fraud, conversion, misrepresentation, and trespass without having to prove that the 2004 Will is invalid. *See Plimpton v. Gerrard*, 668 A.2d 882 (Me. 1995) (holding that where the law provided for concurrent jurisdiction on the plaintiff's tort-based theories, there is no basis for the law to prefer one forum to the other). For example, the statements the Defendants allegedly made to the Lexington Police Department that they were duly appointed co-executors of the estate could be found to be a misrepresentation even if the 2004 Will is found to be valid and some of the items allegedly removed from the Lexington property manifestly belong to the Plaintiff, thus supporting a claim for conversion regardless of the validity of the 2004 Will.

The court finds that the Defendants' Motion to Dismiss must fail under the Rule 12 arguments. The Superior Court clearly has concurrent jurisdiction over tort claims related to an estate that do not requiring a finding as to the validity of a will. The numerous claims that the Plaintiff has brought each have a factual basis not predicated on the invalidity of the 2004 Will. In fact, the Defendants do not even argue that this court lacks subject matter jurisdiction over Counts X, XI, XII, or XIII or that those counts fail to state a claim. However,

4

a final judgment of the Probate Court upholding the validity of the 2004 Will could dispose of the claims based on the Defendants entry into and removal of items from Gloria Hall's nursing home room.

At oral argument, as an alternative to dismissal, the Defendants' requested a stay of this case pending the outcome of the Probate Court case. The court recognizes that the outcome of the will contest does have an effect on the scope of this case and that not all claims may be disposed of at trial without a finding regarding the validity of the will. However, also recognizing that there is no exact timetable for that event and that portion of the claims related to the validity of the 2004 Will is small, this court does not find a sufficient basis on which to issue a stay.

## B.    Forum Non Conveniens

The doctrine of *forum non conveniens* does not present a question of jurisdiction. Rather, it is a doctrine that allows the court to dismiss a case, despite the plaintiff having established jurisdiction and proper venue, if the court finds that dismissal "will further the ends of justice and promote convenience of the suit for all parties." *MacLeod v. MacLeod*, 383 A.2d 39, 41 (Me. 1978). As the Law Court stated in *MacLeod*, "a nonresident plaintiff in a transitory action is usually entitled to have his complaint heard and resolved by the forum of his choice." *Id.* at 42. Therefore, an action will only be dismissed if the "ends of justice strongly militate in favor of relegating the plaintiff to an alternative forum." *Id.* The Supreme Court of the United States has identified several factors for courts to consider in applying the doctrine. Those factors include, the private interest of the plaintiff, the relative ease of access to sources of proof, the cost and availability of compulsory process in obtaining witnesses, a view of the

5

premises if appropriate, whether the forum what chosen solely to harass the defendant, and whether the forum has some tangible or intangible connection to the litigation. *Id.* Of utmost importance is whether an alternative forum exists.

The court finds that Maine is the most convenient forum in which to bring this case for the following reasons:

- The Plaintiff, a non-resident, has chosen Maine to adjudicate these claims;
- Defendant Bonnie Hall is a resident of Kennebunk and Defendant Jeffrey Hall owns a home in Kennebunkport;
- The decedent, Gloria Hall, resided in Maine for approximately six years prior to her death;
- A significant portion of the tortious actions alleged took place in Maine;
- Many of the expected witnesses, including Gloria Hall's doctors, are located in Maine;
- All of the attorneys representing the parties in this case are Maine attorneys; and
- The 2004 Will that is the subject of some of these claims is currently being probated in the Cumberland County Probate Court.

Although some contacts exist in Massachusetts and the parties represent that there is no personal jurisdiction problem with proceeding in Massachusetts, this action is broader in scope and Maine is the most convenient forum.

**The entry is**

For the reasons stated above, the Defendants' Motion to Dismiss is DENIED. The Defendants' oral Motion to Stay is also DENIED. However, due to the fact that not all claims may be disposed of at trial without a finding by the Probate Court regarding the validity of the will, decisions regarding the timing of trial in relation to the Probate proceeding are reserved for future consideration and briefing. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: **6/11/12**

_____
John H. O'Neil, Jr.
Justice, Superior Court

6

ATTORNEY FOR PLAINTIFF:
DAVID S TURESKY
LAW OFFICE OF DAVID S TURESKY
477 CONGRESS STREET SUITE 400
PORTLAND ME  04101-3431

ATTORNEY FOR DEFENDANT BONNIE FRASER HALL:
GREGORY MCCULLOUGH
MCCULLOUGH LAW OFFICES
PO BOX 910
SANFORD ME  04073


ATTORNEYS FOR DEFENDANT JEFFREY H HALL:
MICHAEL O'TOOLE
JAMES B SMITH
WOODMAN EDMANDS DANYLIK  AUSTIN ET AL
PO BOX 468
BIDDEFORD ME  04005-0468