STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-12-100
JAW-Cum - 9/13/2012

BLUETARP FINANCIAL, INC.

Plaintiff

v.

MATRIX CONSTRUCTION CO.,
INC.

Defendant



## ORDER AND DECISION ON MOTION TO DISMISS

Before the court is Matrix Construction Company, Inc.'s Motion to Dismiss or, in the Alternative, Stay Litigation. The motion has been fully briefed and oral argument was held on August 9, 2012.

## BACKGROUND

Matrix Construction Company, Inc. ("Matrix" or "Defendant") is a South Carolina corporation with a principal place of business in Anderson, South Carolina. Matrix was awarded a contract to provide general contracting services for the construction of three school projects in South Carolina. Contract Supply, LLC, also a South Carolina company, submitted the low bid to Matrix to supply the wood doors and hollow metal frames for the projects. After Contract Supply's bid was accepted, it informed Matrix that it could not enter into the contract unless Matrix completed a commercial credit application. Ultimately, Matrix completed a commercial credit application seeking credit of $5,000.00

1

with BlueTarp Financial, Inc. ("BlueTarp" or "Plaintiff") and was approved for a line of credit.[1]

The credit agreement contains a choice of law provision, selecting the laws of Maine as the law governing the contract, and a permissive forum selection clause allowing BlueTarp to bring suit for default in payment in Maine state courts. Matrix's credit limit was raised over the course of the project to $144,000. In June 2011, Matrix stopped making payments on the invoices it received for supplies from Contract Supply, Inc. because it became aware that Contract Supply was not paying its own suppliers. Matrix claims that it never agreed to purchase supplies from Contract Supply using its BlueTarp account and that it paid all of the invoices it received (with the exception of the withholding of payment upon learning that the sub-suppliers were not being paid) from Contract Supply by check made to the order of Contract Supply. BlueTarp claims that it advanced monies to Contract Supply on behalf of Matrix and has not been paid in full in breach of the credit agreement.

On July 28, 2011, BlueTarp filed suit against Matrix in the United States District Court for the District of Maine, alleging breach of contract and unjust enrichment/equitable indemnity. Matrix filed a motion to dismiss for lack of personal and subject matter jurisdiction, improper venue, and *forum non conveniens*. The U.S. District Court found that the forum selection clause was permissive not mandatory and that the case could have been brought in several fora, including the Maine state courts, but held that the federal court did not have personal jurisdiction over Matrix. *BlueTarp Fin., Inc. v. Matrix Constr. Co.*, 2012 U.S. Dist. LEXIS 22199 (Feb. 22, 2012).

---

[1] BlueTarp provides commercial credit to building contractors and dealers of construction materials.

On August 11, 2011, Matrix filed suit against BlueTarp, Contract Supply, and Contract Supply's suppliers in the South Carolina Court of Common Pleas seeking declaratory judgment as to the proper recipient of the monies owed by Matrix for orders made through Contract Supply and asserting claims of fraudulent breach of contract, negligent misrepresentation, and violation of the South Carolina Unfair Trade Practices Act against both BlueTarp and Contract Supply. The South Carolina claims for declaratory judgment and fraudulent breach of contract were stayed, pursuant to a motion filed by BlueTarp, until the U.S. District Court ruled on Matrix's jurisdictional issues.[2] The stay was lifted on March 27, 2011 and discovery continued on all counts of the South Carolina Complaint.

BlueTarp filed this Complaint in Cumberland County Superior Court on February 28, 2012. This Complaint also alleges breach of contract and unjust enrichment/equitable indemnity. BlueTarp has also appealed the District Court's dismissal to the First Circuit Court of Appeal.

## DISCUSSION

Matrix now brings this Motion to Dismiss Count I on the grounds of *forum non conveniens* and comity and Count II for failure to state a claim under M.R. Civ. P. 12(b)(6). When considering a rule 12(b)(6) motion, the court must view the complaint in the light most favorable to the plaintiff and only dismiss the case if it is clear that the plaintiff cannot recover under any theory supported by the facts alleged in the complaint. *Brewer v. Hagemann*, 2001 ME 27, ¶ 4, 771 A.2d 1030.

1.     Forum Non Conveniens

---

[2] The other claims, because they were not also subject to the District Court action, were not stayed.

3

The doctrine of *forum non conveniens* does not present a question of jurisdiction. Rather, it is a doctrine that allows the court to dismiss a case, despite the plaintiff having established jurisdiction and proper venue, if the court finds that dismissal "will further the ends of justice and promote convenience of the suit for all parties." *MacLeod v. MacLeod*, 383 A.2d 39, 41 (Me. 1978). The Supreme Court of the United States has identified several factors for courts to consider in applying the doctrine. Those factors include, the private interest of the plaintiff, the relative ease of access to sources of proof, the cost and availability of compulsory process in obtaining witnesses, a view of the premises if appropriate, whether the forum was chosen solely to harass the defendant, and whether the forum has some tangible or intangible connection to the litigation. *Id.* at 42 (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). The fact that another lawsuit between the parties is pending in a different jurisdiction is not a factor for the court's consideration. *Adelson v. Hananel*, 510 F.3d 43, 54 (1st Cir. 2007).

Ordinarily a plaintiff's choice of forum is given strong deference. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). The presumption of convenience operates with less force when the plaintiff has chosen a forum other than its home forum. *Id.* at 255-26. An action will only be dismissed if the "ends of justice strongly militate in favor of relegating the plaintiff to an alternative forum," *MacLeod*, 383 A.2d at 42, and it is the defendant who bears the burden of showing the court that the force of the above factors "strongly favors dismissal," *Adelson*, 510 F.3d at 54.

In this case, a permissive forum selection clause in the contract between the parties allows this case to be brought in Maine state courts, the choice of law

4

provision requires that Maine law be applied in resolving the issues, at least some of the witnesses and evidence are located in Maine, BlueTarp maintains a place of business in Portland, Maine, both parties have retained the assistance of capable Maine counsel, and there is no evidence that Maine was chosen solely for the purpose of harassment. Even assuming that Maine is not BlueTarp's "home forum," as Matrix argues, these factors weigh in favor of honoring the plaintiff's choice of forum.[3] The court denies the Defendant's Motion to Dismiss on *forum non conveniens* grounds.

## 2. Comity

Whereas the fact of the pendency of separate actions in competing courts involving the same subject matter is not relevant to a *forum non conveniens* analysis, it is relevant to a question of comity. *Jones v. York*, 444 A.2d 382, 384 (Me. 1982). The issue is one of discretion for the trial court and should be applied to promote justice and equity. *Id.* "There is no compulsory duty resting on a trial court to stay the proceedings pending before it on account of the pendency in another jurisdiction of an action previously instituted between the same parties for the same cause. The doctrine of comity does not establish an imperative rule of law." *Fitch v. Whaples*, 220 A.2d 170, 173 (Me. 1966). Often deference is given to the first-filed action or to the court that first exercises its jurisdiction. However, courts also typically give priority to "coercive" actions over declaratory judgment actions or anticipatory suits, regardless of the order of filing. *Res. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010).

---

[3] Matrix argues that Maine is not BlueTarp's home forum because it is incorporated as a Delaware corporation and has listed its business addresses in North Carolina, New York, New Jersey, and Pennsylvania in various SEC filings.

Given the recognition of the South Carolina court in its decision to stay the declaratory judgment and breach of contract accompanied by a fraudulent act in South Carolina while awaiting a decision of the U.S. District Court for the District of Maine and the fact that the first filed action was actually brought in Maine, this court does not find that the interests of justice and equity require it to stay or dismiss this case in favor of the South Carolina claim. However, because BlueTarp has appealed the decision of the U.S. District Court for the District of Maine to the First Circuit Court of Appeals and because that action was the first filed action, this court accepts jurisdiction only if the First Circuit affirms the District Court's dismissal.

3.    Failure to State a Claim

Matrix also moves for dismissal of BlueTarp's unjust enrichment and equitable indemnity claim on the grounds that neither may be claimed when a contract governs the relationship of the parties.

While Matrix is correct to assert that equitable relief is not available when a remedy at law is available, the standard of review of a motion to dismiss requires the court to consider whether the plaintiff can prove its claim on any set of facts put forward in the Complaint. It is perfectly acceptable to raise alternative claims. Where it is possible that Matrix could be successful in denying the existence of a valid contract or that the valid contract is inapplicable because Matrix did not authorize the purchases under the contract, BlueTarp may fall back on its equitable claims for relief. Furthermore, the fact that the Law Court has not yet recognized a claim for equitable indemnity does not mean that there is no theory on which BlueTrap could obtain relief under this set of facts. **The entry is:**

6

The Defendant's Motion to Dismiss is DENIED. This action is STAYED until the United States Court of Appeals for the First Circuit renders its decision in BlueTarp Financial, Inc. v. Matrix Construction Co., Inc., docket number CV-12-1338. If the First Circuit Court of Appeals reverses the decision of the U.S. District Court for the District of Maine, this action will be dismissed. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: 9/13/12

Joyce A. Wheeler
Justice, Superior Court