ENTERED AUG 0 6 2014

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-14-97
NDM-CUM-07-09-14

KIMBERLY MICHAUD,

    Plaintiff

v.

ORDER ON MOTION
TO TRANSFER VENUE

BRYAN and CYNTHIA
THIBEAULT d/b/a THE VAN
BUREN HOTEL/YACHT CLUB

    Defendants

    Before the court is defendants' motion to transfer venue from Cumberland County to Aroostook County.[1] Defendants move the court to transfer venue to Aroostook County under 14 M.R.S. § 508 (2013), which allows the Court to transfer venue "in the interests of justice and to secure the speedy trial of an action, or for other good cause . . . ."  In applying a similar analysis under the doctrine of forum non conveniens, the court must weigh the "advantages and obstacles to a fair trial" in the selected forum, but "unless the balance is strongly in favor of the defendant, plaintiff's choice of forum should rarely be disturbed." Macleod v. MacLeod, 383 A.2d 39, 42 (Me. 1978) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

    Defendants rely on Oakes v. Taylor, in which the court transferred venue for the convenience of the parties, but in that case the motion was unopposed. Oakes v. Taylor, CUMSC-CV-12-164, at *2 (Me. Super. Ct., Cum. Cty., May 22,

---

[1] Plaintiff represents that she lives in Cumberland County, making venue proper in Cumberland County. 14 M.R.S. § 501 (2013).

2012). Because the balance of interests is not strongly in favor of the defendants, the court will not disturb plaintiff's choice of venue.

The entry is

Defendants' Motion to Transfer Venue is DENIED.

Dated: July 9, 2014

Nancy Mills
Justice, Superior Court

CHRISTIAN LEWIS ESQ
HARDY WOLF & DOWNING
PO BOX 3065
LEWISTON ME 04243-3065


J WILLIAM DRUARY ESQ
MARDEN DUBORD BERNIER & STEVENS
PO BOX 708
WATERVILLE ME 04903-0708