Nathan E. CORNING

v.

**Dawn M. CORNING.**

Supreme Judicial Court of Maine.

Argued June 6, 1989.

Decided Aug. 25, 1989.

Barbara A. Cardone (orally), Philip Buckley, Rudman & Winchell, Bangor, for plaintiff.

Peter G. Carey (orally), Michael P. Asen, Mittel & Hefferan, Portland, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The plaintiff, Nathan E. Corning, appeals from an order of the Superior Court (Knox County, *McKinley, J.*) dismissing his complaint for divorce on the ground of *forum non conveniens.* We conclude that the court acted within its discretion and affirm the judgment.

Nathan Corning was married to Dawn M. Corning, the defendant, in 1960 in Michigan.[1] Mrs. Corning is a Canadian citizen. The Cornings moved to Massachusetts soon after the marriage, lived there as husband and wife and raised their children there. In the early 1980's, Mrs. Corning began to reside in St. Thomas, Virgin Islands, where she is the sole owner of a house. She transferred her interest in the Massachusetts marital home to Mr. Corning.

Mr. Corning is a shareholder and employee of two Massachusetts corporations, and is a limited partner in a partnership the principal asset of which is Massachusetts real estate including the former marital

---

1. There was no testimony presented at the hearing on the motion of Mrs. Corning to dismiss. The factual history is taken from the affidavits and documents filed by the parties in connection with the motion to dismiss. Other than the conclusion that the divorce action "should be litigated in the Commonwealth of Massachusetts," the Superior Court made no findings of fact or conclusions of law and none were requested.

residence. Another corporation, of which he is a shareholder, is a limited partner in the same partnership. Mr. Corning filed income tax returns as a Massachusetts resident throughout the marriage, up to and including 1987.

In 1987, Mr. Corning purchased a home in Maine, in Rockport. He is now registered to vote here, holds a Maine driver's license, has filed a resident Maine income tax return and has opened two bank accounts in Maine. He claims to be domiciled in Maine.

The Cornings began separation and divorce negotiations in 1986, through Massachusetts attorneys. Although those negotiations were extensive, they never resulted in an executed agreement. Mrs. Corning filed a complaint for divorce in Massachusetts in June, 1988. Mr. Corning was not served personally with the complaint. Mr. Corning sought to dismiss the Massachusetts action for lack of jurisdiction and on the ground of *forum non conveniens.*[2]

In August 1988, Mr. Corning filed a divorce complaint in the Maine District Court in Rockland. No personal service has been made on Mrs. Corning. Mrs. Corning entered a special appearance and removed the case to the Superior Court. She filed a motion to dismiss, asserting that the Maine courts lacked jurisdiction and, in the alternative, in light of the pending Massachusetts divorce action, that Maine was an inconvenient forum in which to litigate the divorce. The Superior Court granted Mrs. Corning's motion to dismiss on the ground of *forum non conveniens,* and this appeal followed.

■ We have recognized that the doctrine of *forum non conveniens* is a legitimate reason for our courts to decline to exercise jurisdiction. *MacLeod v. MacLeod,* 383 A.2d 39, 41 (Me.1978). Under that doctrine "[a] state may decline to exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action provided that a more appropriate forum is available to the plaintiff." *Restatement (Second) of Conflict of Laws* § 84 at 251 (1971).

In *MacLeod,* we adopted the factors used by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), to determine whether to apply the doctrine of *forum non conveniens. MacLeod,* 383 A.2d at 42.[3] Our courts should dismiss a case filed in Maine on the ground of *forum non conveniens* only if "dismissal will further the ends of justice and promote convenience of the suit for all parties." *Id.* at 41. We review the trial court's decision to dismiss the suit on the ground of *forum non conveniens* for an abuse of discretion. *Margani v. Sanders,* 453 A.2d 501, 504–05 (Me.1982); *MacLeod,* 383 A.2d at 41–42.

The main contention of dispute before the Superior Court, and on appeal before this court, is whether there is an appropriate alternate forum in which this divorce case can be litigated. The existence of an appropriate forum alternate to Maine is essential before a Maine court can dismiss a case under the doctrine of *forum non conveniens. MacLeod,* 383 A.2d at 42. Mrs. Corning's divorce complaint remains pending in Massachusetts before the Probate and Family Court, Suffolk County, and Massachusetts is an appropriate alternate forum for the divorce action.

2. On June 27, 1989, subsequent to oral argument before us, the Massachusetts court denied Mr. Corning's motion to dismiss. Mr. Corning's appeal of that interlocutory ruling in the Massachusetts courts was unsuccessful.

3. The factors to be considered in determining whether to invoke the doctrine of *forum non conveniens* include (1) the private interests of the plaintiff; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process and the cost for attendance of witnesses; (4) the necessity and possibility of a view of the premises; (5) whether the plaintiff's choice of forum was made solely to vex, harrass, or oppress the defendant; and (6) whether, in light of the public interest in having a localized controversy decided where it originated, the state in which the suit was filed has some tangible or intangible relation to the litigation. *MacLeod v. MacLeod,* 383 A.2d 39, 42 (Me.1978). *See generally* Annotation, *Doctrine of Forum Non Conveniens: Assumption or Denial of Jurisdiction of Action Involving Matrimonial Disputes,* 9 A.L.R.3d 545 (1966 & Supp.1988).

The only factual assertions presented to the court concerning the contacts of the parties to Maine and Massachusetts were in the form of affidavits and documents. No findings of fact were requested and none were made. M.R.Civ.P. 52(a). We assume that the court made all the findings necessary to support its decision. *Blackmer v. Williams*, 437 A.2d 858, 861 (Me.1981); *Harmon v. Emerson*, 425 A.2d 978, 981 (Me.1981).

The Cornings resided in Massachusetts during most of their marriage. Only recently has Mr. Corning moved to Maine. They hired Massachusetts counsel, and considerable time and effort have been spent by those attorneys, and by the parties, in an effort to resolve the divorce under Massachusetts law. Mr. Corning has considerable assets in Massachusetts. It would be more convenient to witnesses who might be called to testify in regard to those assets to testify in Massachusetts. Mrs. Corning, by filing her divorce complaint in Massachusetts, submitted herself to its jurisdiction. She has not submitted herself to the jurisdiction of Maine and, unless she does so voluntarily, it is unlikely that Maine would acquire personal jurisdiction over her. Although Mr. Corning has not as yet been personally served with process in Massachusetts, it is likely that personal service could be made on him in Massachusetts, since he transacts business there on a regular basis.

Based upon the factors set out in *Gulf Oil Corp.* and adopted by this court in *MacLeod,* and in view of the ruling by the Massachusetts court that it has jurisdiction over this divorce, the Superior Court acted well within its discretion in dismissing this action on the ground of *forum non conveniens.*

The entry is:

Judgment affirmed.

All concurring.