1998 ME 33

**Kirstie ALLEY**

v.

**Richard Stevenson PARKER.**

Supreme Judicial Court of Maine.

Argued Jan. 5, 1998.

Decided Feb. 13, 1998.

Kenneth P. Altshuler (orally), Altshuler & Vincent, Portland, for plaintiff.

Michael P. Asen (orally), Peter G. Cary, Mittel, Asen, Hunter & Cary, L.L.C., Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] Plaintiff Kirstie Alley appeals from a judgment of the Superior Court (Waldo County, *Calkins, J.*) granting defendant Richard Parker's motion to dismiss her complaint for divorce on the basis of *forum non conveniens.* Plaintiff contends that the court erred in concluding that California was an alternative forum for child custody matters and, in any event, erred in dismissing the entire action. Finding no abuse of discretion, we affirm the judgment.

[¶ 2] The relevant facts may be summarized as follows: Alley and Parker, both actors, were married in 1983. Much of their professional life is based in California, but they have traveled extensively and currently own property in Maine, Kansas, and Oregon. They purchased property in Maine in 1991 and, claiming Maine as their residence, they adopted their children in Maine in 1992 and

1994.[1] Both Alley and Parker registered to vote, acquired a driver's license, registered cars and boats, and filed resident income tax returns in Maine. At the same time, however, they filed part-time resident tax returns in California. Their personal service corporations are located in California, as are their agents, business attorneys, publicists, stockbrokers, and most major bank accounts.

[¶ 3] Alley and Parker separated in 1996, and Alley filed a complaint for divorce in Maine on March 26, 1997. The next day, Parker filed a complaint for divorce in California. Judges from both states conferred by telephone and, at least for purposes of the temporary custody of the children, California assumed jurisdiction. Subsequently, the California court denied Alley's motion to dismiss the California action. Parker moved to dismiss the action in Maine for lack of subject matter jurisdiction, or alternatively on the basis of *forum non conveniens*. The Superior Court declined to dismiss on jurisdictional grounds, ruling that: (1) Maine has subject matter jurisdiction because Alley was a resident for at least six months prior to filing a divorce action; and (2) although California is the "home state" of the children, Maine also has jurisdiction for purposes of custody because of a "significant connection." Having found that jurisdiction existed in both Maine and California, the court dismissed the action on the basis that Maine is an inconvenient forum.

[¶ 4] Initially, Alley argues that the court's choice of California as the appropriate forum is tainted by an error in its analysis of California's jurisdiction to determine the custody of the children. Specifically, Alley does not agree that California is the children's "home state." Jurisdiction of interstate child custody matters is controlled by Maine's Uniform Child Custody Jurisdiction Act (UCCJA)[2] and the Federal Parental Kidnapping Prevention Act (PKPA).[3] Both acts seek to prevent conflict between courts of different states by favoring the "home state" as the most appropriate forum for custody determination. 19–A M.R.S.A. § 1704(1)(A) (Supp. 1997); 28 U.S.C.A. § 1738A(c)(2)(A) (1994). The "home state" is defined as the state in which the child lived with at least one parent for the six consecutive months immediately preceding the filing of the complaint for divorce. 19–A M.R.S.A. § 1703(5) (Supp.1997); 28 U.S.C.A. § 1738A(b)(4) (1994). Both statutes focus on physical presence rather than legal residence. Temporary absences are explicitly counted as part of the six-month period under the UCCJA, 19–A M.R.S.A. § 1703(5), but are not defined. The PKPA is silent regarding treatment of such temporary absences. *See* 28 U.S.C.A. § 1738(b)(4). We conclude that the concept of temporary absences is inherent in the PKPA's definition of home state and, under either act, must be decided on the facts of each case.

[¶ 5] The trial court found that during the six-month period immediately preceding the filing of the complaint, the children were physically located in California for twenty-one weeks and in New York, Toronto, and Florida for the remaining five weeks. The absences from California were either for business or vacation, and were of short duration. The court found that the absences were obviously temporary visits to those locations and concluded that California was the "home state" because the children had lived there with a parent for the immediately preceding six months. Reviewing those factual findings for clear error, *White v. Zela*, 1997 ME 8, ¶ 3, 687 A.2d 645, 646, we find none. The court did not err in determining that California was the "home state" and was, at least, an alternative forum with respect to issues of custody.[4]

[¶ 6] Having determined that either California or Maine could assert jurisdiction over the divorce proceedings, the court appropriately went on to consider whether Maine was a "seriously inconvenient forum for the trial of the action." *Corning v. Corn-*

---

1. The parties have two children: William True Parker, date of birth 9/28/92, and Lillie Price Parker, date of birth 6/15/94.

2. 19–A M.R.S.A. §§ 1701–1725 (Supp.1997).

3. 28 U.S.C.A. § 1738A (1994).

4. The court was not called upon to, nor did it, resolve any conflict in jurisdiction under either act.

*ing,* 563 A.2d 379, 380 (Me.1989). We review the dismissal on the basis of *forum non conveniens* for an abuse of discretion. *Id.* The court considered the appropriate factors and found as follows:

> (1) the plaintiff has an interest in having the divorce heard in Maine because it is her state of residence, but likewise the defendant has an interest in having the matter heard in California because it is where he is; (2) most of the witnesses on the financial aspects of the marital estate and on the custody issue are in California; (3) although Alley and Parker have more financial ability than the average divorce parties, meaning that they have the finances to bring witnesses from California to Maine, it is difficult and time-consuming to compel a reluctant witness from California to appear in Maine if there should be a reluctant witness; (4) there is no reason for a court to view the property in Maine; (5) neither party made their respective choice of forum for the purpose of harassing the other party; and (6) to the extent that either Maine or California has an interest in the action, it is primarily with regard to the child custody and support issues, which means that California as the location where the children have lived more than Maine, has more of an interest.

Although the court stated that "the balance is on the side of California assuming jurisdiction," implicitly it concluded that Maine is a "seriously inconvenient forum for the trial of the action" and "a more appropriate forum is available." *Id.* Explicitly, the court ruled that dismissal would "further the ends of justice and promote convenience of the suit for the parties." In doing so, it did not abuse its discretion.

The entry is:

Judgment affirmed.

