STATE OF MAINE
CUMBERLAND, ss.

STATE OF M. ...
...mberland, ss, Cler....
SU...P...

JAN 1 0 20...

RECEIVED

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-98-410
TDW - CUM - 1/10/200...

MERCHANDISE BROKERS, INC.,

Plaintiff

v.

USF RED STAR, INC.,

Defendant

**ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT BASED
ON LACK OF PERSONAL JURISDICTION**

Defendant Red Star, Inc. ("Red Star") moves for summary judgment on the ground that the court lacks personal jurisdiction over the claims asserted against Red Star in this action. The underlying claims involve a contract or alleged contract between plaintiff Merchandise Brokers, Inc. ("MBI") and Red Star for the sale of 241 trailers.[1]

1.    Waiver of Personal Jurisdiction Defense

Red Star's jurisdictional motion was filed on August 30, 1999 – 60 days after the deadline to complete discovery set in the October 8, 1998 pretrial order. Up to that time, Red Star had answered the complaint, unsuccessfully opposed MBI's motion for an attachment, substituted a bond for the amount of the attachment, engaged in discovery, and responded to discovery. In addition to filing its jurisdictional motion, Red Star has opposed MBI's motion for summary judgment on the merits and cross moved for summary judgment on the merits on its own behalf, citing M.R.Civ.P. 56(c).

---

[1]    Cross motions for summary judgment are pending on the merits of the dispute, and the court has those motions under advisement.

Citing M.R.Civ.P. 12(h)(1), MBI argues that by not raising its personal jurisdiction defense until a motion filed after the close of discovery, Red Star has waived this defense. Red Star responds that MBI alleged in paragraph 5 of its complaint that jurisdiction existed over Red Star and that Red Star responded in its answer that it was without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5. Red Star contends that this had "the effect of a denial" under M.R.Civ.P. 8(b). Accordingly, Red Star argues that it did in fact raise the defense of personal jurisdiction in its answer and cannot be found to have waived that defense under Rule 12(h)(1)(B).

Technically speaking, the court is inclined to find that Red Star's response to paragraph 5 of the complaint did not result in a waiver of any personal jurisdiction defense under Rule 12(h)(1). Nevertheless, it is difficult to conceive that a personal jurisdiction defense could have been raised in a manner that would have been less likely to alert the opposing party to that defense. Moreover, Red Star's subsequent participation in the litigation, along with its failure to assert the personal jurisdiction defense until after the completion of discovery, supports a finding that Red Star has waived any objection it might have to the personal jurisdiction of the courts of Maine. See, e.g., Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1296-97 (7th Cir. 1993).

Because the court finds that personal jurisdiction exists even absent Red Star's waiver, it does not rest its denial of Red Star's jurisdictional motion solely on this ground.

## 2. Existence of Personal Jurisdiction

MBI is a Maine corporation. Red Star is a New Jersey corporation. It is undisputed that the negotiations that allegedly led up to a contract and the execution of the document that MBI contends constitutes the contract all took place in New Jersey. Subsequent to entering what he believed was a contract, Sam Kelley, president of MBI, sent a confirmatory letter from Maine to Edward Slodyczka of Red Star in New Jersey. Mr. Slodyczka did not reply to that letter, and the subsequent course of dealings between the parties essentially consisted of a number of telephone calls made by Mr. Kelley in Maine to representatives of Red Star in New Jersey. On two occasions a representative of Red Star called Mr. Kelley back in Maine. The only other relationship between Maine and the specific transaction at issue here is that the alleged contractual agreement sought to be enforced by MBI (which Red Star contends was merely an agreement giving it an option to sell) specified that the trailers could be available for pickup at Red Star terminals in New Jersey, Rhode Island, Massachusetts, or Maine.

It is an open question whether the foregoing facts would be sufficient to subject Red Star to the jurisdiction of the courts of Maine based solely upon the transaction at issue in this lawsuit. However, it is also undisputed for purposes of summary judgment (1) that Red Star has registered with the Maine Secretary of State's office and is authorized to do business in the State of Maine, (2) that Red Star operates across 14 states, including Maine; (3) that Red Star maintains a terminal in Maine, and (4) that Maine accounts for 1.7% of Red Star's revenue. Certified

3

documents from the Maine Secretary of State's office also establish that Red Star (and its corporate predecessors) have been authorized to do business in Maine since 1972, and certified documents from the City of Portland Assessor's office establish that Portland's property tax rolls currently contain real property owned by Red Star Express Lines of Auburn, Inc.[2] with an assessed valuation of $811,980.

In order to exercise personal jurisdiction over a nonresident defendant consistent with the requirements of due process, the court must determine that (1) Maine has a legitimate interest in the controversy, (2) the defendant by its conduct should reasonably have anticipated litigating in Maine, and (3) the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice. E.g., Interstate Food Processing Corp. v. Pellinto Foods, Inc., 622 A.2d 1189, 1191 (Me. 1993). In this case plaintiff has plainly met its burden on the first issue, since Maine has an interest in providing its citizens with a manner of redress against non residents. Id. at 1192.

On the second issue, Red Star argues that it could not reasonably have anticipated litigation in Maine. However, MBI is entitled to base its assertion of jurisdiction over Red Star on Red Star's presence in Maine generally and not just upon whether it subjected itself to jurisdiction with respect to the specific transaction at issue. This depends on whether red Star carried on "continuous and systematic" activities within Maine sufficient to justify requiring Red Star to defend

---

2    Certified documents from the Secretary of State's office show that Red Star Express Lines of Auburn, Inc. changed its corporate name to TNT Red Star Express, Inc. in 1988 and to USF Red Star, Inc. in 1996.

4

in Maine a claim unrelated to its presence here. <u>Helicopteros Nacionales de Colombia v. Hall</u>, 466 U.S. 408, 414-15 (1984); <u>Perkins v. Benguet Consolidated Mining Co.</u>, 342 U.S. 437, 445 (1952); <u>Accord, Labbe v. Nissen Corp.</u>, 404 A.2d 564, 570 (Me. 1979). The contact with Maine must be fairly extensive to support jurisdiction. <u>Labbe</u>, 404 A.2d at 570.

In this case Red Star's operation of a terminal within the State of Maine[3], its ownership of real property in Maine, its conduct of business in the state since 1972, and the fact that it receives 1.7% of its revenues from Maine[4] are sufficient to establish that Red Star had a sufficiently continuous, systematic, and substantial presence within Maine that it reasonably could have anticipated having to litigate in the courts of Maine. Under these circumstances subjecting Red Star to the burden of defending this lawsuit does not offend notions of fair play and substantial justice.

---

[3]    USF Red Star also maintains a listing in the Portland yellow pages with a Portland address and telephone number. See LaCourse affidavit ¶8. Red Star complains that the yellow pages listing has not been sufficiently authenticated, but this contention is without merit. <u>See</u> M.R.Evid. 901(b)(6); Field & Murray <u>Maine Evidence</u> §901.2(6) at 484-85 (4th ed. 1997).

[4]    The website of Red Star's corporate parent states that Red Star has annual revenues of $212,365,000. Using Red Star's own 1.7% figure as to the revenue derived from Maine leads to the calculation that Red Star derives $3,610,205 in annual revenue from Maine. Although Red Star challenges the information from the website as insufficiently authenticated, the court disagrees, based on the Slodyczka and Jones depositions which establish the corporate relationship between Red Star and its parent and on the general principles applicable to authentication. <u>See, e.g., United States v. Simpson</u>, 152 F.3d 1241, 1249-50 (10th Cir. 1998). Moreover, given that Red Star waited until after the conclusion of discovery to raise its jurisdictional defense, it has less standing to complain that MBI did not get Red Star witnesses to authenticate the financial information derived from its corporate parent's website at their depositions. Finally, even if the court were to disregard all the information whose authenticity Red Star questions, it would still find that the remaining information, in particular Red Star's acknowledged operation of a terminal in Maine, is sufficient to subject it to jurisdiction here.

Labbe, 404 A.2d at 570. Nor has Red Star demonstrated that litigating in Maine would be "so gravely difficult and inconvenient that it would be a severe disadvantage" to Red Star. Interstate Food Processing Corp., 622 A.2d at 1192.

Indeed, any argument by Red Star that it will be gravely inconvenienced by having to litigate this case in Maine is undercut by its failure to pursue a personal jurisdiction defense until after the conclusion of discovery in this case. Red Star's motion for summary judgment on the ground that the court lacks personal jurisdiction is denied.

3. Forum Non Conveniens

Red Star also argues that this action should be dismissed under the doctrine of forum non conveniens. At the outset, however, the court finds that Red Star's forum non conveniens argument has been waived. That waiver is even more clear than in the case of personal jurisdiction since forum non conveniens is not raised in any manner in Red Star's answer. A party cannot wait until after discovery is concluded and a case is ready for trial to argue that another forum is more convenient.

Second, Red Star's claim of forum non conveniens falls short in any event. To be sure, unless this case is resolved on summary judgment, Red Star's witnesses will have to travel to Maine for a two day trial, but that is the extent of the burden on Red Star. Any change of venue would impose a corresponding burden on MBI. Thus a dismissal on the grounds of forum non conveniens will not further the ends of justice or promote convenience of suit for all parties in this case. See Corning v.

6

<u>Corning</u>, 563 A.2d 379, 380 (Me. 1989). Having considered the various factors that may be relevant to forum non conveniens, <u>MacLeod v. MacLeod</u>, 383 A.2d 39, 42 (Me. 1978), the court rejects Red Star's argument that this case should be dismissed and that MBI should be required to start its lawsuit all over again in New Jersey.

Pursuant to Rule 79(a) the clerk is directed to incorporate this order in the docket by reference.

Dated: January _10_, 2000

Thomas D. Warren
Justice, Superior Court

Date Filed _____7-24-98_____      CUMBERLAND      Docket No. CV98-410

County

Action _____CONTRACT_____

MERCHANDISE BROKERS INC. d/b/a MBI TRAILERS      USF RED STAR INC.

DONALD L. GARBRECHT
LAW LIBRARY

FEB 7 2000

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Adrian Kendall, Esq. Bar #7540<br>PO BOX 4600<br>Portland, Maine 04112 | ~~JENNIFER RIGGLE ESQ 761-0900~~ W/D<br>PO BOX 4726 PM 04112-4726<br><br>JOHN PATERSON ESQ 774-1200<br>PO BOX 9729<br>PORTLAND ME 04104-5029 |

| Date of Entry | |
|---|---|
| **1998**<br>July 27 | Received 7-24-98.<br>Complaint Summary Sheet filed. |
| " " | Complaint with Exhibit A & B filed. |
| " " | Plaintiff's Motion for Approval of Attachment and Trustee Process, with Notice of Hearing filed. |
| " " | Plaintiff's Memorandum of Law in Support of Motion for Attachment and Trustee Process with exhibit A & B filed. |
| " " | Affidavit of Robet M. Kelley, President of Merchandise Brokers, Inc. with exhibit A & B filed. |
| " " | Plaintiff's Request for Hearing filed. |
| July 31 | Received 07-31-98:<br>Summons filed.<br>USF Red Star, Inc. served to William Richardson, Adminst. Asst. on 07-28-98. |
| Aug. 18 | Received 08-14-98:<br>Defendant's Answer filed. |
| " " | Defendant's Motion for Extension of Time with Incorporated Memorandum of law filed. |
| Aug. 19 | Received 08-18-98:<br>Order filed.<br>Defendant Red Star's Motion to Extend Time for responding to Plaintiff's Motion for Attachment and for Trustee Process is granted. Any Opposition shall be filed on or before August 24, 1998. |
| " " | On 08-19-98:<br>Copy sent to Adrian Kendall and Jennifer Riggle, Esqs. |
| Aug. 27 | Received 08-26-98:<br>Order filed. (Cole, J.)<br>The Court ORDERS that attachment and attachment on trustee process may be made against the property, goods and credits of USF Red STar, Inc. in the amount of $217,550. |
| " " | On 08-27-98:<br>Copies sent to Adrian Kendall, Esq. and Jennifer Riggle, Esq. |