2008 ME 133

**Mavis VOISINE**

v.

**Veronica TOMLINSON.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 29, 2008.
Decided: Aug. 28, 2008.

Theodore M. Smith, Esq., Smith Law Office, LLC, Van Buren, ME, for Mavis Voisine.

Richard D. Solman, Esq., Solman & Hunter, P.A., Caribou, ME, for Veronica Tomlinson.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

ALEXANDER, J.

[¶ 1] Mavis Voisine appeals from a judgment entered by the District Court

(Fort Kent, *Daigle, J.*) that "deferred" jurisdiction over her complaint to the Aroostook County Probate Court on the grounds that the District Court was "not a convenient forum for adjudication of the issues raised." Voisine argues that the District Court erred in dismissing her claim because the Probate Court was not an appropriate alternative forum. Because the Probate Court lacks jurisdiction over Voisine's action at law for damages, we vacate the judgment.

## I.  CASE HISTORY

[¶ 2]  In April 2006, Ronald Thibodeau died intestate. The Aroostook County Probate Court notified Veronica Tomlinson, Thibodeau's daughter, that she had been appointed personal representative of Thibodeau's estate. In May 2006, Voisine, Thibodeau's sister, filed a complaint in the District Court seeking compensatory and punitive damages from Tomlinson for (1) breach of fiduciary duty and self-dealing, and (2) wrongful interference with her expectation of an inheritance.

[¶ 3]  In her complaint, Voisine alleged that her brother was the owner of a bank account at St. Francis Community Federal Credit Union, the proceeds of which were payable to Voisine upon Thibodeau's death.

Voisine alleged that Thibodeau informed her he was leaving her this account because of her "kindness and generosity ... when he was in poor health." Voisine alleged that Tomlinson learned of Thibodeau's failing health and removed the funds from his account "under the guise of the Power of Attorney"[1] and claiming it was in his best interest. Voisine alleged that Tomlinson was aware that Thibodeau's finances were in order and that it was unnecessary to remove the funds to pay his bills. Because of Tomlinson's actions, Voisine alleged she did not receive approximately $8000.

[¶ 4]  Tomlinson admitted that she had transferred the money from the account, but denied that Thibodeau's affairs were in order, and alleged that all the funds from the account were or would be applied to Thibodeau's debts, taxes, and expenses for administering his estate. Tomlinson raised three affirmative defenses: (1) the complaint failed to state a claim for which relief may be granted; (2) the claim was barred by laches, failure of consideration, estoppel, and license; and (3) the claim was barred by 18–A M.R.S. § 6–107 (2007).[2]

[¶ 5]  After a period of discovery, Tomlinson filed a motion for summary judg-

---

**1.** Although Tomlinson did have a power of attorney, that power was for medical treatment alone. It is unclear how Tomlinson was able to withdraw the money from the account. Tomlinson alleged that she was unaware that the power of attorney only applied to medical treatment, that she showed it to the bank, and was permitted to withdraw the funds.

**2.** Title 18–A M.R.S. § 6–107 (2007) provides, in relevant part:

No multiple-party account will be effective against an estate of a deceased party to transfer to a survivor sums needed to pay debts, taxes, and expenses of administration, including statutory allowances to the surviving spouse, minor children and de-

pendent children, if other assets of the estate are insufficient. A surviving party, P.O.D. payee, or beneficiary who receives payment from a multiple-party account after the death of a deceased party shall be liable to account to his personal representative for amounts the decedent owned beneficially immediately before his death to the extent necessary to discharge the claims and charges mentioned above remaining unpaid after application of the decedent's estate. No proceeding to assert this liability shall be commenced later than 2 years following the death of the decedent. Sums recovered by the personal representative shall be administered as part of the decedent's estate.

ment. After reviewing Voisine's response to the motion, the District Court sent the parties a letter asking why the Probate Court did not have exclusive jurisdiction over the action. Voisine responded that the District Court had concurrent jurisdiction with the Superior Court, pursuant to 4 M.R.S. § 152 (2007),[3] over all civil actions for money damages, and asserted that nothing in the Probate Code provided the Probate Court with exclusive jurisdiction over these issues. Further, Voisine indicated that her claims were not against Thibodeau's estate, but against Tomlinson individually, for improper actions that had occurred prior to Thibodeau's death. Tomlinson did not respond to the court's inquiry.

[¶ 6] After some consideration, the District Court entered an order finding that the issues raised by Voisine's complaint "all relate to the powers and duties of [Tomlinson] in her capacity as personal representative of [Thibodeau's] estate." The court found that regardless of whether it had concurrent jurisdiction with the Probate Court, the District Court was not a convenient forum for adjudicating these issues because, pursuant to 18–A M.R.S. § 6–107, the "issues to be addressed [are] incident to the administration of the estate." The court ordered "that jurisdiction of the claim raised in this matter is deferred to the Probate Court" and denied Tomlinson's motion for summary judgment.

[¶ 7] Voisine filed a motion for findings of fact and conclusions of law. The court denied the motion, noting that no hearing

was held, nor were any facts found, and stating that the reasons for its deferral of jurisdiction were clearly indicated in its previous order.

[¶ 8] Voisine filed this appeal.

## II. LEGAL ANALYSIS

[¶ 9] We review a trial court's decision to dismiss or defer a claim for forum non conveniens for an abuse of discretion. *Alley v. Parker*, 1998 ME 33, ¶ 6, 707 A.2d 77, 79; *Corning v. Corning*, 563 A.2d 379, 380 (Me.1989). To dismiss a claim for forum non conveniens or otherwise cede decision-making authority over a matter to another court, there must be an alternative forum available to the plaintiff. *Alley*, 1998 ME 33, ¶ 6, 707 A.2d at 79; *Corning*, 563 A.2d at 380.

[¶ 10] Claims for breach of fiduciary duty and wrongful interference with an expected inheritance are actions at law for which a damages remedy may be sought in a jury trial. *See Stewart v. Machias Sav. Bank*, 2000 ME 207, ¶¶ 9–11, 762 A.2d 44, 46 (breach of fiduciary duty); *Burdzel v. Sobus*, 2000 ME 84, ¶¶ 9–13, 750 A.2d 573, 576–77 (wrongful interference with expected inheritance).

[¶ 11] Although the resolution of Voisine's claims may eventually relate to the settlement of Thibodeau's estate, an area over which the Probate Court does have jurisdiction, *see Estate of Hodgkins*, 2002 ME 154, ¶ 14, 807 A.2d 626, 630, the Probate Court lacks jurisdiction to address the claims for money damages. *See* 4 M.R.S. § 252 (2007);[4] *see also Staples v.*

3. Title 4 M.R.S. § 152(2) (2007) provides that District Courts have "[o]riginal jurisdiction, concurrent with that of the Superior Court, of all civil actions when no equitable relief is demanded, except those actions for which exclusive jurisdiction is vested in the Superior Court by statute."

4. Title 4 M.R.S. § 252 (2007) provides: "The courts of probate shall have jurisdiction in equity, concurrent with the Superior Court, of all cases and matters relating to the administration of the estates of deceased persons...."

*King,* 433 A.2d 407, 412 (Me.1981) (holding that the Probate Court has jurisdiction only when the relief sought is equitable rather than legal in nature). Also, because Voisine's claims are for money damages, she has the right to a jury trial, which the Probate Court cannot provide. *See Plimpton v. Gerrard,* 668 A.2d 882, 887 (Me.1995). Consequently, Voisine cannot be required to pursue her claims in the Probate Court.

[¶ 12] This is not a case, as in *Alley,* where we must decide whether a Maine court should retain jurisdiction or dismiss the action in favor of another state's court. Instead, the issue is whether the District Court should retain jurisdiction or defer to the Probate Court. Accordingly, this is not an appropriate case for application of the doctrine of forum non conveniens. *See Plimpton,* 668 A.2d at 886–87 (holding that tortious interference with an expected legacy or gift may arise prior to the death of the testator, and the "theoretical possibility of adequate relief in the Probate Court" does not compel the plaintiff to pursue a claim there). The District Court erred as a matter of law in deferring this matter to the Probate Court, which does not have jurisdiction over tort claims against an individual for money damages. Therefore, we must vacate the District Court's deferral and remand for further proceedings consistent with this opinion.

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings in accordance with this opinion.